IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAMS RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff-Claimant, | ) | |
| | ) | No. 11 C 5637 |
| v. | ) | |
| | ) | Jeffrey T. Gilbert |
| CAROLYN COLVIN, Acting | ) | Magistrate Judge |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant William Rodriguez filed an action challenging the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits on July 1, 2011. On November 30, 2012, this Court entered judgment for Claimant remanding the case to the Social Security Administration for further consideration of Claimant's claim for disability benefits pursuant to 42 U.S.C. § 405(g). *See* [Dkt.#25]. Claimant now seeks to recover his attorney's fees incurred in his successful challenge to the Commissioner's decision pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(a). For the reasons discussed below, Claimant's Motion for Attorneys' Fees Under EAJA [Dkt.#26] is granted in part, and the Commissioner's objections are overruled.

**DISCUSSION**

Under the EAJA, a party who prevails against the United States in a civil action is entitled to an award of reasonable attorneys' fees and costs. *See* 28 U.S.C. § 2412(d). A court may award fees under the EAJA when (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that

would make an award unjust; and (4) the prevailing party's application for fees is timely filed. 28 U.S.C. § 2412(d)(1)(A); *Comm'r, INS v. Jean*, 496 U.S. 154, 155, (1990); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). Here, the Commissioner does not dispute that Claimant is a prevailing party and that his application for fees is filed timely. The Commissioner also does not argue that the position of the agency was substantially justified nor does the Commissioner object to the number of hours that Claimant's attorney spent litigating the case. The Commissioner only objects to the hourly rate sought by Claimant for the work his attorney performed in this case. Claimant argues that his attorney's rate is reasonable.

The EAJA provides that the award of attorney's fees "'shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines than an increase in the cost of living [since 1996, when the current version of the Act was passed] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011) (citing 28 U.S.C. §2412(d)(2)(A)(ii)). In *Mathews-Sheets*, the Seventh Circuit held that EAJA "doesn't authorize an award of $125 per hour," it is a "presumptive ceiling; to justify a higher rate the claimant must point to inflation or some other special factor." 653 F.3d at 562. If the claimant seeks an inflation adjustment, he "must show that it actually justifies a higher fee" by demonstrating that inflation "has increased the cost of providing adequate legal service to a person seeking relief against the government." *Id.* at 563. The Seventh Circuit has acknowledged that, "given the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted" for the time in which the fees were incurred. *Tchemkou v. Mukasey*, 517 F.3d 506, 513 (7th Cir. 2008).

Claimant here provides a detailed itemization of the work performed by his attorney. *See* [Dkt.#26-3]. In total, Claimant seeks an award of fees in the amount of $10,372.70, based on an hourly rate of $182.[1] Claimant argues that the requested hourly rate is supported by the cost of living increases in the All Urban Consumers Price Index, a printout of which is attached to his motion. *See* [Dkt.#26-1]. In support of the higher rate, Claimant's attorney submitted affidavits from four other attorneys attesting to rates ranging from $165 to $500 per hour for handling Social Security claims. S*ee* [Dkt.##26-4, 26-5, 26-6, 26-7]. Claimant's attorney also affirmed that his office expenses have increased significantly during the relevant time period – that his rent has increased at least 3% per annum; that he paid annual salary increases of approximately 5% to legal staff and 3% to 4% to administrative staff; and that health insurance costs have increased at least 100% due to increased premiums. Claimant's Motion [Dkt#26], at 9. Counsel also submitted evidence of an award of attorneys' fees in another Social Security case in which he received a substantially similar rate. *Id.* at 10.

The Commissioner argues that Claimant has failed to submit sufficient evidence that his requested rates are in line with those prevailing in the community. Commissioner's Resp. [Dkt.#30], at 4. The Court disagrees, accepts counsel's representations and finds the evidence adequate to prove inflation has increased counsel's costs of providing legal services. By demonstrating both the general level of inflation and his attorney's own cost increases over the relevant period, the Court finds that Claimant has shown an increased rate is justified. *See*

---

[1] Although Claimant did not provide his actual calculations to show how he arrived at the proposed hourly rate, the Court presumes that Claimant arrived at the figure by using the All Urban Consumer Price Index for January 2012 ($226.665) dividing that by the All Urban Consumers Price Index for March 1996 ($155.7) and then multiplying that ratio by $125 to arrive at $182. The Court also presumes that Claimant used the March 1996 figure because 28 U.S.C. 2412(d)(2)(A) was amended in 1996, and the ceiling for the award of attorney's fees was increased from $75 to $125 per hour unless a court determines that an increase in the cost of living or special factor justified a higher fee. *See* 28 U.S.C. 2412(d)(2)(A). That amendment was applicable to civil actions and adversary adjudications commenced on or after March 29, 1996. *See* Pub. L. 104-121, at §233.

3

*Gonzalez v. Astrue*, 2012 WL 1633937, at *2 (S.D. Ind., May 9, 2012) (noting that *Matthews-Sheets* did not "prescribe any particular manner in which a lawyer might demonstrate" that inflation increased the cost of providing adequate legal service). District courts have interpreted *Mathew-Sheets* to allow a rate increase upon a showing of both general inflation and higher costs for the lawyer seeking the adjustment. *See Dewolf v. Astrue*, 2012 WL3260420 (N.D. Ill. Aug. 8, 2012), at *2-3 (granting a rate increase based on the Consumer Price Index increase and the attorney's representations of his own increased costs); *Just v. Astrue*, 2012 WL 2780141, at *2 (N.D. Ill. July 9, 2012) (same and also considering affidavits of other local attorneys attesting to increased costs); *Seabron v. Astrue*, 2012 WL 1985681, at 3-4 (N.D. Ill. June 4, 2012) (same and the Commissioner also conceding that a cost of living increase to $175.69 was warranted based on the regional Consumer Price Index for Chicago-Gary-Kenosha). Therefore, the question is what the appropriate increased rate should be in this case.

Claimant uses the cost of living increases in the All Urban Consumers Price Index. The Commissioner, however, objects to counsel using the All Urban Consumer Price Index and instead argues that the Midwest Urban Consumer Price Index should be used to calculate the appropriate hourly rate. Commissioner Resp. [Dkt.#30], at 3. Using the Midwest Urban Consumer Price Index, the Commissioner argues that the appropriate billable hourly rate should be $175. *Id.* However, one of the variables the Commissioner uses in her calculations is incorrect. The Commissioner identified the correct figure for the Midwest Urban Consumer Price Index for January 2012 which is $216.368. However, the Commissioner incorrectly identified the figure for the Midwest Urban Consumer Price Index for January 1996; the correct figure is $150.2 and not $154.6 as used in the Commissioner's calculation.[2] Compounding the

---

[2] It looks like the $154.6 figure may come from the Chicago-Gary-Kenosha region Consumer Price Index for January 1996.

4

error, the Commissioner uses a figure for January 1996 when, in the Court's view, the appropriate figure to use is the Consumer Price Index for March 1996. *See* footnote 1 *supra*. Using the correct figures for the Midwest Urban Consumer Price Index, the Court calculates the hourly rate as $178.[3] Therefore, the difference between the hourly rates proposed by the parties is $4.00 per hour.

The Commissioner relies upon one case, *Just v. Astrue*, 2012 WL 2780142 (N.D. Ill. July 9, 2012), in support of her argument that the Midwest Urban Consumer Price Index should be used. Commissioner's Resp. [Dkt.#30], at 3. Counsel for Claimant, however, explains that he was counsel in *Just* and, in that case, he used the All Urban Consumer Price Index in his calculations but attached the Chicago-Gary-Kenosha region table so that when counsel's calculations were reviewed, the numbers did not add up. Claimant's Reply [Dkt.#31], at 3-4. Other than this case, however, the Commissioner has not provided the Court with any other authority on why the Midwest Urban Consumer Price Index, rather than the All Urban Consumer Price Index, is the appropriate Index on which to rely.

In *Griffin v. Astrue*, 2013 WL 616944 (N.D. Ill. Feb. 15, 2013), the district court awarded EAJA fees based on the All Urban Consumer Price Index, noting that courts within the Seventh Circuit have used both regional and All U.S. Consumer Price Index rates, without a clear preference for either. *Id.* at *2 n.16; *see also Bias v. Astrue*, 2013 WL 615804 (N.D. Ill. Feb. 15, 2013), at *2 (approving fee calculation of $181.25 per hour based on the CPI–U "all items" index); *Hamrick v. Astrue*, 2010 WL 3862464, at *3 (N.D. Ind. Sept. 27, 2010) ("It appears that district courts in the Seventh Circuit have permitted the use of either the national or regional index, provided that plaintiff's counsel justifies the increased rate he seeks."); *Seabron v. Astrue*,

---

[3] Using the Midwest Urban Consumer Price Index for January 2012 ($216.368) divided by the Midwest Urban Consumer Price Index for March 1996 ($151.7) and then multiplying that ratio by $125, the hourly rate is $178.

5

2012 WL 1985681, at *4 (N.D. Ill. June. 4, 2012) (approving the use of the national CPI over the regional CPI). Without clear authority indicating one way or another, it appears that it is entirely a matter of the Court's discretion at this time, and the Commissioner has not advanced a convincing reason that an hourly rate of $182 is unreasonable. Conversely, Plaintiff's counsel has supported his argument that he should be paid an increased rate under EAJA. Courts in this Circuit have found rates similar to that sought by Plaintiff's counsel here to be reasonable. *See, e.g.*, *Lopez-Montiel v. Colvin*, 2013 WL 1788429, at *3 (N.D. Ill. April 26, 2013) (holding that an attorney's rate of $182.75 per hour is reasonable); *Cobb v. Colvin,* 2013 WL 1787494, at * 2 (N.D. Ill. April 25, 2013) (approving an hourly rate of $184.75 and using the national Consumer Price Index). Therefore, the Court finds an hourly rate of $182 is reasonable and awards Claimant $10,372.70 for his attorney's fees.

Finally, the Commissioner contends that any fee award in this case must be made to Claimant, not to his attorney. Commissioner's Resp. [Dkt.#30], at 4-6. Counsel for Claimant does not object to the Commissioner's request that the money be paid to Claimant himself. Claimant's Reply [Dkt#31], at 4. Therefore, the Court will not interfere with the parties' agreement that the fee award be paid to Claimant.

## CONCLUSION

For the foregoing reasons, the Court grants Claimant's Motion for Attorneys' Fees Under EAJA [Dkt.#26] and awards $10,372.70 for his attorney's fees and costs of $15.420. If a separate order is required in this regard, the parties shall submit their draft via the proposed order link on the Court's website.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated:  September 16, 2013